IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN L. REAGAN, #37109-177 PLAINTIFF, | § § § § | |
| v. | § | CIVIL CASE NO. 3:18-CV-433-L-BK |
| UNITED STATES OF AMERICA, ET AL., DEFENDANTS. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening, including findings and a recommended disposition. The Court granted Plaintiff Darren L. Reagan's motion to proceed *in forma pauperis*. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

I.   BACKGROUND

Following a jury trial, Reagan was convicted of conspiracy to commit extortion and aiding and abetting extortion and was sentenced to two concurrent terms of 168 months' imprisonment. *See United States v. Reagan*, No. 3:07-cr-0289-M(07) (N.D. Tex. Mar. 23, 2010), *aff'd*, 725 F.3d 471 (5th Cir. 2013). The conviction stems from Reagan's involvement, as chairman and CEO of the Black State Employees Association of Texas ("BSEAT") and the BSEAT Community Development Corporation ("BSEAT CDC"), in an illegal kickback scheme "related to attempts by two housing developers ... to obtain public financing, zoning clearance, and political support for their rival housing development plans" in Dallas, Texas, and involving,

*inter alia*, Dallas City Council and Planning and Zoning Commission members.  *Reagan*, 725 F.3d 471 at 477.  Reagan unsuccessfully pursued post-conviction relief through a motion for a new trial,[1] initial and successive motions to vacate sentence under 28 U.S.C. § 2255,[2] and a habeas corpus petition under 28 U.S.C. § 2241.[3]

On February 21, 2018, Reagan, proceeding *pro se*, filed the instant *Prisoner's Civil Rights Complaint* against United States Department of Justice (DOJ) employees, specifically (1) Assistant United States Attorney ("AUSA") Timothy Funnell, (2) AUSA James Hendrix, (3) DOJ Office of Information Policy (DOJ/OIP) Chief Sean O'Neil, (4) DOJ/OIP Associate Chief Matthew Hurd, and (5) (then) United States Attorney General Jeff Sessions.  Reagan asserted that the Defendants "[v]iolated my 1st Amendment right by repeatedly & consistently denying numerous FOIA requests related to my criminal case."  Doc. 3 at 3.  He sought all the information and materials he had previously requested under the Freedom of Information Act ("FOIA") and to be reimbursed for all costs.  Doc. 3 at 4.  In support of his claim, Reagan alleged *in toto*:

> For approx. 4½ yrs. now, I have submitted & filed numerous FOIA requests to the DOJ U.S. Attorney's office for the N.Dist. of TX, the EOUSA, the OIP, as well as the U.S. Dist. Ct. for the N. Dist. of TX, related to my criminal [case], specifically to provide all available info & materials related to my former pre-trial defense attorney James M. Murphy, John H. Carney & Wm. Billy Ravkind. Each of these individual Defendants have deliberately, willfully & knowingly, systematically been non-responsive, delayed, denied & not complied with my FOIA request, violating my 1st Amendment U.S. Constitutionally protected right.  Ultimately,

---

[1] *United States v. Reagan*, 592 F. App'x 307 (5th Cir. Feb. 2, 2015).

[2] *Reagan v. United States*, No. 3:14-CV-3420, 2016 WL 3023890 (N.D. Tex. May 2, 2016), *R. & R. accepted*, 2016 WL 3030173 (N.D. Tex. May 25, 2016); *Reagan v. United States*, No. 3:17-CV-2217 (N.D. Tex. Aug. 21, 2017); *Reagan v. United States*, No. 3:18-CV-1007 (N.D. Tex. Apr. 20, 2018), *R. & R. accepted*, 2018 WL 1899352 (N.D. Tex. Apr. 20, 2018).

[3] *Reagan v. Warden*, 2:17-CV-0807, 2018 WL 7142196, at *1-2 (W.D. La. Dec. 27, 2018), *R. & R. accepted*, 2019 WL 386870 (W.D. La. Jan. 30, 2019).

> severly [sic] prejudicing me and adversely affecting my substantial due process rights.  See criminal case 3:07-cr-289-M-(7) Docket Entry #'s 1871, 1872, 1878.  See also U.S.D.C. case # 3:14-cv-3420-M Docket entry #'s 63, 76, 79, 66, 68, 28, 32, 34, 36, 39, 112, 113, 114, 116, 119, 121,122, 123, 130, 138, 139, 140, 145, 148, 149.

Doc. 3 at 4-5.[4]

In his *Answers to Magistrate Judge's Questionnaire*, Reagan acknowledged that he was filing (1) only under the FOIA to obtain *Brady*, *Giglio,* and *Napue* related information, Doc. 9 at 10, and (2) only against the Defendants in their official capacity by virtue of their DOJ employment, Doc. 9 at 11-13.  Consequently, on June 21, 2018, the Court granted him leave to amend the complaint to substitute as defendant an appropriate federal agency and to plead a viable claim against that federal agency under the FOIA.  Doc. 11.  The case was subsequently stayed until December 31, 2018, pending his transfer to general population.  Doc. 15.

In his December 26, 2018 *Amended Complaint* (which includes 217 pages of exhibits), Reagan sues multiple federal officials and agencies for supposed FOIA and other constitutional violations.  Doc. 17.  He names the following defendants:  (1) the United States of America, (2) the DOJ/OIP, Director Melaney Pustay, Chief O'Neil, Associate Chief Hurd, and unidentified senior officials, administrators, and staff members in New York and Washington, D.C., (3) the DOJ Executive Office for the United States Attorneys (EOUSA), Director James Cromwell, and unidentified senior officials, administrators, and staff members in Washington, D.C., (4) the Federal Bureau of Investigation (FBI), Director Christopher Wray, Section Chief David Hardy, and unidentified senior officials, administrators, and staff members in Washington, D.C., and (5) the U.S. Attorney's Office for the Northern District of Texas, the Dallas District Offices of the FBI and IRS, including FBI Special Agents John Skillestad, Donald Sherman, Allen Wilson Tom

---

[4] The complaint includes 123 pages of exhibits.

Entz, David Garcia, Kay Peterson; IRS Special Agent Alan Hampton and other unidentified current and former senior officials, who were under the supervision of the U.S. Attorney Office for the Northern District, U.S. Attorney Erin Nealy Cox, AUSA Funnel, AUSA Chad Meacham, AUSA Hendrix, and other unidentified senior officials. Doc. 17 at 3-12.

In support of his claims, Reagan asserts:

SPECIFIC VIOLATIONS INCLUDE BUT NOT LIMITED TO, MY FIRST AMENDMENT RIGHT(FREEDOM OF INFORMATION) AND SIXTH AMENDM.ENT RIGHT(FAILING TO BRING TO THE COURT'S ATTENTION POTENTIAL AND ACTUAL KNOWN CONFLICTS OF INTERESTS AND UNETHICAL CONDUCT INVOLVING MINE AND THE BSEAT, INC., THE BSEATCDC, INC. AND THE WEST CLIFF SHOPPING PLAZA I LIMITED PARTNERSHIP FORMER PRETRIAL DEFENSE ATIORNEYS JAMES M. MURPHY, JOHN H. CARNEY AND WILLIAM "BILLY" RAVKIND. ALSO, THE DEFENDANTS CONTINUED ACTIONS OF DELIBERATELY WITHHOLDING EXCULPATORY MATERIALS AND EVIDENCE IN VIOLATION OF BRADY V. MARYLAND IN CONNECTION WITH MY CRIMINAL AND CIVIL CASES THAT SEVERELY PREJUDICED ME, DENYING MY SUBSTANTIAL DUE PROCESS RIGHTS AND MY SIXTH AMENDMENT RIGHT TO A FAIR TRIAL, FREE OF CONFLICTS OF INTERESTS.

SPECIFICALLY, THE DEFENDANTS ACTIONS CONTINUES TO VIOLATE MY U.S. CONSTITUTIONALLY PROTECTED RIGHT VIA FAILING TO PROVIDE ME WITH ALL AVAILABLE, DISCLOSABLE, INFORMATION, MATERIALS, DOCUMENTS, 302'S (RELATED TO PRETRIAL CRIMINAL INVESTIGATION MOTIONS, SPECIFICALLY FILED BY MURPHY, CARNEY AND RAVKIND. ALSO, COMPUTER GENERATED CORRESPONDENCES, EMAILS, LETTERS, MEMORANDUMS/MEMOS, TRANSCRIPTS OF ALL COMMUNICATIONS INCLUDING TEXT MESSAGES, FINANCIAL REPORTS/COPIES OF CASHIER CHECKS RELATING TO MINE AND THE BSEAT, INC.'S PAYMENTS (INCLUDING CASH) TO THE FORMER PRETRIAL DEFENSE ATTORNEYS, THE DAILY FBI SURVEILLANCE LOGS AND GPS MONITORING REPORTS, PHOTOGRAPHS, VIDEO/DVD RECORDINGS RELATED TO MEETINGS, COURT HEARINGS WITH MY FORMER PRETRIAL ATTORNEYS. ALSO, MY CELL PHONE RECORDS "GOVERNMENT EXHIBIT 5404 DVD 4 OF 4" (214)207-0848 AND "GOVERNMENT EXHIBIT 5403 DVD 3 OF 4" (214) 207-4850, INCLUDING ALL CONFIDENTIAL CLIENTATTORNEY RELATED TO MINE AND THE BSEAT, INC., THE BSEATCDC, INC. AND "SUBSTANTIALLY" RELATED CASE INVOLVING THE WEST CLIFF SHOPPING PLAZA I LIMITED PARTNERSHIP THE AFOREMENTIONED

> FORMER PRETRIAL DEFENSE ATTORNEYS "UNDISCLOSED" "SIMULTANEOUS," "MULTIPLE" LEGAL REPRESENTATION OF JAMES R. "BILL" FISHER, THE GOVERNMENT AGENT/INFORMANT AND CHIEF WITNESS. SEE JOHN H. CARNEY, ET AL. (THAT INCLUDED JAMES R. "BILL" FISHER), PLAINTIFFS VS. USA, ET AL, DEFENDANTS CASE NO'S 3:99-CV-1989-M (SEE JOHN H. CARNEY'S COURT FILING BRIEF IN SUPPORT OF SUMMARY JUDGMENT DATED OCTOBER 28, 2004 IN CASE NO. 3:99-CV-1989-M, (COPY ENCLOSED)), INCLUDING APPEALS CASE NO. 05-10198 (MAY 9, 2006) AND U.S. SUPREME COURT CARNEY VS. U.S., 2006 U.S. LEXIS 8623 (U.S., NOV. 2006). THE HONORABLE BARBARA M.G. LYNN, WAS THE PRESIDED OVER THE AFOREMENTIONED/REFERENCED DISTRICT COURT CASE PROCEEDINGS.
>
> ADDITIONALLY, WILLIAM "BILLY" RAVKIND MULTIPLE "SIMULTANEOUS" LEGAL REPRESENTATION OF KATHY NEALY; THE OTHER GOVERNMENT CHIEF WITNESS DURING THE CRIMINAL INVESTIGATION AND TRIAL PROCEEDINGS. SEE CASE NO. 3:07-CR-289-M AND THE DIRECTLY RELATED CRIMINAL AND CIVIL CASES 3:07-CR-290-M; SEE ALSO, THE SUBSTANTIALLY RELATED," CIVIL CASES INVOLVING (1) THE WEST CLIFF SHOPPING PLAZA I LIMITED PARTNERSHIP BANKRUPTCY PROCEEDINGS CASE NO. 05-36555-BJH-7, ADVERSARY CASE NO. 05-03513-BJH, (2) DALLAS COUNTY DISTRICT COURT CASE NO. 05-03755 IN THE 134TH JUDICIAL COURT AND (3) DALLAS COUNTY DISTRICT COURT CASE NO. DC-06-02906 IN THE 68TH JUDICIAL DISTRICT COURT. ALL OF THE AFOREMENTIONED CONFLICTS OF INTERESTS OCCURRED WITHOUT MY KNOWLEDGE, CONSENT AND WRITIEN AUTHORIZATION. SPECIFICALLY, WITHOUT THE REQUIRED COURT HEARING BEFORE THE U.S. DISTRICT COURT JUDGE. COPIES OF THE AFOREMENTIONED EXHIBITS ENCLOSED, AS WELL AS ALREADY FILED WITH THE DISTRICT COURT IN THIS INSTANT CASE. SEE CRIMINAL CASE NO. 3:07-CR-289-M DOCKET ENTRY NO.'S: 841, 1871, 1872, 1878,. SEE ALSO, U.S.D.C. CASE NO. 3:14-CV-3420-M DOCKET ENTRY NO.'S 63, 76, 79, 66, 68, 28, 32, 34, 36, 112, 113, 114, 116, 119, 121, 123, 130, 138, 140, 145, 148, 149. SEE ALSO, THE COURT'S ORDER IN THIS INSTANT CASE SIGNED AND DATED JUNE 21, 2018 FOR ADDITIONAL STATEMENT OF FACTS AND DETAILS OUTLINED IN THE FOIA REQUEST SUBMITTED BY THE PLAINTIFF.

Doc. 17 at 15 (typos/misspellings in original).

Regan also summarizes *seriatim* the four groups of exhibits enclosed with his *Amended Complaint*:

SEE EXHIBITS# 1: RELATED TO THE PLAINTIFF'S FORMER PRETRIAL DEFENSE ATTORNEYS JAMES M. MURPHY, JOHN H. CARNEY AND WILLIAM "BILLY" RAVKIND: "UNETHICAL CONDUCT"; "UNDISCLOSED" ACTUAL "CONFLICTS
OF INTERESTS"; MULTIPLE "SIMULTANEOUS" LEGAL REPRESENTATIONS OF THE GOVERNMENT'S CHIEF AND KEY WITNESSES JAMES R. "BILL" FISHER AND KATHY NEALY, AND THE PLAINTIFF UNBEKNOWN TO THE PLAINTIFF, WITHOUT THE PLAINTIFF'S CONSENT, WRITTEN APPROVAL AND AUTHORIZATION AND WITHOUT A COURT HEARING BEFORE THE DISTRICT COURT JUDGE: INCLUDE BUT NOT LIMITED TO, COPIES OF GOVERNMENT EXHIBITS, PRETRIAL DOCUMENTS; TRIAL TRANSCRIPTS; POST CONVICTION DALLAS MORNING NEWS ARTICLES; TRANSCRIPT OF THE OCTOBER 6, 2005 WFAA-TV CHANNEL 8 LIVE INTERVIEW OF JAMES MURPHY CONDUCT BY WFAA-TV CHANNEL 8 NEWS REPORTER BRETT SHIPP RELATED TO THE CRIMINAL CRIMINAL INVESTIGATION; AND MORE!

SEE EXHIBITS# 2: RELATED TO THE GOVERNMENT'S "UNETHICAL CONDUCT," "GROTESQUE PROSECUTORIAL MISCONDUCT" BRADY V. MARYLAND VIOLATIONS FAILING TO BRING TO THE COURT'S ATTENTION VIA MAKING FULL DISCLOSURE OF THEIR DIRECT KNOWLEDGE AND INVOLVEMENT RELATED TO THE PLAINTIFF'S FORMER PRETRIAL LEAD DEFENSE ATTORNEY JAMES M. MURPHY, AND THE PLAINTIFF CO-DEFENSE PRETRIAL ATTORNEYS JOHN H. CARNEY AND WILLIAM RAVKIND ACTUAL "CONFLICTS OF INTERESTS" (UNDISCLOSED MULTIPLE "SIMULTANEOUS" LEGAL REPRESENTATIONS OF THE GOVERNMENT'S CHIEF AND KEY WITNESSES JAMES R. "BILL" FISHER AND KATHY NEALY), INCLUDE BUT NOT LIMITED TO COPIES OF GOVERNMENT DOCUMENTS/EXHIBITS, TRANSCRIPTS OF PRETRIAL, TRIAL AND POST CONVICTION COURT PROCEEDINGS, DALLAS MORNING NEWS ARTICLES; DIRECTLY RELATED POSTCONVICTION CIVIL LITIGATION INVOLVING JOHN H. CARNEY LEGAL REPRESENTATION OF JAMES R. "BILL" FISHER AND ODYSSEY RESIDENTIAL HOLDINGS, LP IDENTIFYING AND LISTING THE PLAINTIFF AMONG THE OTHER CO-DEFENDANTS IN THE CRIMINAL CASE IN CONNECTION WITH THE CIVIL LITIGATION.; AND MORE! SEE ALSO, DARREN L. REAGAN, PLAINTIFF VS. P. KAY PETERSON, SPECIAL AGENT, FBI, ALAN HAMPTON, SPECIAL AGENT, IRS CASE NO. 3:11-CV-0004-M-BF (COPY ENCLOSED) AND SIMILARLY SITUATED AND RELATED CASE NO. 3:08-CV-194-M. SPECIFICALLY, REGARDING P. KAY PETERSON'S AND ALAN HAMPTON'S SWORN AFFIDAVITS IN SUPPORT OF THE SEIZURE WARRANTS ISSUED BY THE DISTRICT COURT (SIGNED AND AUTHORIZED BY THE HONORABLE PAUL STICKNEY, U.S. MAGISTRATE JUDGE) ON AUGUST 27, 2007. ALL OF THE

AFOREMENTIONED CASES PRETRIAL PROCEEDINGS WERE PRESIDED OVER BY THE HONORABLE PAUL STICKNEY.

EXHIBITS# 3: RELATED TO THE PLAINTIFF'S CELL PHONE RECORDS THAT CONCLUSIVELY DEMONSTRATE THE CLIENT ATTORNEY RELATIONSHIP WITH HIS FORMER PRETRIAL LEAD DEFENSE ATTORNEY JAMES M. MURPHY AND HIS FORMER PRETRIAL CO-DEFENSE ATTORNEYS JOHN H. CARNEY AND WILLIAM "BILLY" RAVKIND. SEE COPIES OF THE PLAINTIFF'S REDACTED CELL PHONE RECORDS IDENTIFYING ONGOING TELEPHONE COMMUNICATIONS (INCLUDING NUMEROUS THREE-WAY CONFERENCE CALLS) DURING THE EARLY AND INITIAL CRITICAL STAGES (LATE DEC. 2004 - LATE JAN. 2005) OF THE CRIMINAL INVESTIGATION. PARTICULARLY, ACCORDING TO FBI S/A'S DON SHERMAN'S AND ALLEN WILSON'S TRIAL TESTIMONY, "WHEN THE GOVERNMENT BELIEVED FISHER WAS A VICTIM OF AN EXTORTION CONSPIRACY VIA THE DIRECTION OF THE PLAINTIFF." SEE PLAINTIFF'S CELL PHONE RECORDS ILLUSTRATING THE FRANTIC PACE AND ONGOING COMMUNICATIONS (DAILY, WEEKLY, MONTHLY) WITH AND BETWEEN THE PLAINTIFF AND FORMER PRETRIAL DEFENSE ATTORNEYS DURING THE JUNE 20, 2005 FBI/IRS RAID ON THE BSEAT, INC.'S OFFICES, AND THE OCTOBER 5, 2005 FBI/IRS RAID ON THE PLAINTIFF'S HOME, AS WELL AS SUBSEQUENT DAYS AND WEEKS FOLLOWING BOTH OF THE AFOREMENTIONED FBI RAIDS.

EXHIBITS# 4: RELATED TO JAMES M. MURPHY, JOHN H. CARNEY AND WILLIAM "BILLY" RAVKIND "SIMULTANEOUS" LEGAL REPRESENTATION THE PLAINTIFF AND THE "SUBSTANTIALLY RELATED" CASE INVOLVING THE BSEAT, INC., THE BSEATCDC, INC. AND THE WEST CLIFF SHOPPING PLAZA I LIMITED PARTNERSHIP BANKRUPTCY PROCEEDINGS WHICH WERE UNDERWAY "SIMULTANEOUSLY" DURING THE CRIMINAL INVESTIGATION.

Doc. 17 at 15-16.[5]

Reagan requests compensatory, punitive, and nominal damages and to compel the Government to disclose the materials and documents outlined in this action and to  bring disciplinary proceedings against the federal officials and agents.  Doc. 17 at 17.

**II.    ANALYSIS**

---

[5] Reagan restates his claims verbatim for each of four groups of Defendants.  Doc. 17 at 4-13.

Because Reagan is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Reagan's *Amended Complaint* is frivolous and fails to state a claim.

### A.  FOIA Claims Lack Facial Plausibility to Confer Jurisdiction

Reagan's *Amended Complaint* plainly fails to allege any plausible facts supporting a FOIA cause of action.  FOIA grants the court "jurisdiction to 'enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010) (citing 5 U.S.C. § 552(a)(4)(B) (emphasis in original)).  Jurisdiction is premised on "the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (citing *Kissinger v.*

*Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980)).  However, under FOIA, the proper defendant is the federal agency and the "plaintiff may not assert a claim against an individual federal official" or the United States.  *Batton*, 598 F.3d at 173 n.1.

Here, the *Amended Complaint* completely disregards the above requisites.  While Reagan now names four federal agencies, he again sues the United States and federal officials.  He also does not allege any improper withholding of agency records and complains principally of purported Sixth Amendment and due process violations.  *See Goldgar*, 26 F.3d 32, 34 ("Plaintiffs who do not allege any improper withholding of agency records fail to state claim for which court has jurisdiction under the FOIA.").  Reagan also alleges conflicts of interest and unethical behavior of pretrial counsel, which he maintains ultimately violated his right to a fair trial.  Doc. 17 at 15-17.  He adds that exculpatory materials was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).  However, his allegation of violations of the constitutional rights afforded a criminal defendant fail to support this *civil* action under FOIA.  Indeed, Reagan misapprehends the role of FOIA, which "is neither a substitute for criminal discovery, nor an appropriate means to vindicate discovery abuses." *Williams & Connolly v. SEC*, 662 F.3d 1240, 1245 (D.C. Cir. 2011) (citations omitted).

In sum, Reagan's general assertions of FOIA violations offer nothing more than "labels and conclusions."  *Twombly*, 550 U.S. at 555.  His *Amended Complain* does not contain specific facts giving rise to a plausible inference that FOIA was violated—to wit: that federal agencies improperly withheld agency records.  Consequently, Reagan's FOIA claims should be dismissed for want of jurisdiction.  *Goldgar*, 26 F.3d at 35.[6]

---

[6] Although of no consequence to the Court's findings and conclusions, it is unclear whether Reagan has fully exhausted his administrative remedies as to his FOIA claims other than possibly against EOUSA.  Doc. 3 at 7.  *See Voinche v. U.S. Dept. of Air Force*, 983 F.2d 667,

### B. Monetary Damages are Barred by Immunity and *Heck v. Humphrey* Doctrine

As noted previously, Reagan also seeks compensatory, punitive, and nominal damages. Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (quotations and quoted cases omitted)). Here, Plaintiff presents no statutory or case authority for suing the United States and the federal agencies for monetary damages. Moreover, any claims for monetary damages against any individual Defendant in his/her official capacity are barred by the doctrine of sovereign immunity because they are considered as the actions of the federal agency by whom he/she is employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (per curiam) (affirming dismissal of claim against the Attorney General, the Acting United States Attorney, and the Department of Justice, "because sovereign immunity deprived the court of subject-matter jurisdiction" and "suits against federal officers in their official capacity are really suits against the government, and for these suits to go forward, the government must waive its sovereign immunity").

Likewise, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's *Bivens*[7] claims, to the extent he attempts to assert any, against the federal officials in their individual capacity because they would undermine the validity of his conviction. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (per curiam) (extending *Heck* "favorable

---

669 (5th Cir. 1993) (requiring administrative exhaustion as jurisdictional prerequisite for FOIA action); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) (holding FOIA implicitly requires exhaustion of administrative remedies before judicial review).

[7] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

termination" requirement to *Bivens* actions). In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487.

In this case, a ruling in Reagan's favor on the alleged Sixth Amendment and due process claims "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487; *see Stephenson*, 28 F.3d 26, 27 (holding *Bivens* claims that implicated validity of federal conviction were barred by *Heck*). Thus, since no court has reversed or invalidated his federal conviction, his claims are clearly barred by *Heck*. Consequently, the claims against the individual defendants, if any, lack any basis in law and should be dismissed with prejudice as frivolous until such time as Reagan satisfies the conditions set forth in *Heck*. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (relying on *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) to similarly modify dismissal language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (dismissing *Heck* barred claim as frivolous).

### C. Requests for Disciplinary Proceedings are Not Cognizable

Reagan also seeks to bring disciplinary proceedings (civil and criminal) against all federal officials and agents who violated his constitutional rights. Doc. 17 at 17. But his request is not cognizable here. The Court lacks the authority to oversee disciplinary actions or, for that matter, criminal proceedings against federal officials. The authority to investigate and/or bring federal criminal charges is invested in the executive branch of government.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons outlined herein, Reagan's claims are fatally infirm. In addition, the Court has already given him the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire* and to amend the complaint to raise a FOIA claim against a federal agency. Thus, Reagan has already pled his best case and granting leave to amend would be futile and cause needless delay.

### IV. APPOINTMENT OF COUNSEL

Reagan also requests the appointment of counsel. Doc. 17 at 17. However, for all of the foregoing reasons, he plainly fails to show that the case presents "exceptional circumstances" warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *see also Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001) (concluding *in forma pauperis* plaintiff is not entitled to court-appointed counsel as a matter of law); 28 U.S.C. § 1915(e)(1).

### V. CONCLUSION

Reagan's FOIA claims should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and his remaining claims should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**SO RECOMMENDED** on May 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).