IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARREN L. REAGAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-433-L** |
| | § | |
| **UNITED STATES OF AMERICA,** *et al.*, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On May 24, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were entered (Doc. 20). Based on Plaintiff's pleadings and information provided in response to a questionnaire, the magistrate judge recommends that the court dismiss without prejudice Plaintiff's claims for alleged violations of the Freedom of Information Act ("FOIA") for lack of jurisdiction and dismiss with prejudice as frivolous and failure to state a claim his remaining claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The magistrate judge also recommends that Plaintiff should not be given another opportunity to amend his pleadings, as it appears he has pleaded his "best case" and doing so would be futile and cause needless delay. Finally, the magistrate judge recommends that the court deny Plaintiff's motion for appointment of counsel (Doc. 17), as he is not entitled to appointment of counsel.

Pro se Plaintiff Darren L. Reagan ("Plaintiff") filed objections to the Report, which were docketed on June 7, 2019. Plaintiff disagrees that the court lacks jurisdiction over his FOIA claim and disputes that he is attempting to relitigate his criminal conviction.

Having reviewed the pleadings, file, record in this case, and Report, and conducted a de novo review of that portion of the Report to which objection was made, the court determines that the

**Order – Page 1**

findings and conclusions of the magistrate judge (Doc. 20) are correct, **accepts** them as those of the court, and **overrules** Plaintiff's objections (Doc. 21). Accordingly, the court **dismisses without prejudice** Plaintiff's claims for alleged FOIA violations for lack of jurisdiction and **dismisses with prejudice** as frivolous and failure to state a claim his remaining claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Further, the court will not allow Plaintiff an opportunity to further amend his pleadings and **denies** his request for appointment of counsel (Doc. 17) for the reasons set forth in the Report.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 2nd day of July, 2019.

Sam A. Lindsay
United States District Judge